Filed 5/25/16  P. v. Small CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C079795 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F03913) |
| v. | |
| HISHIMA SMALL, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

**FACTUAL AND PROCEDURAL BACKGROUND**

On June 13, 2014, defendant agreed to meet with Michael Nelson to repay a debt. Nelson and Kareem Johnson picked up defendant and parked in a parking stall.  After a short time, defendant left to go get the money to repay Nelson.  While he was gone, Nelson and Johnson discussed defendant's trustworthiness.  Johnson decided he did not

1

trust defendant so he took a small handgun and hid it underneath his armpit, in case something went wrong. Defendant returned to the car and, once inside, opened fire on Nelson and Johnson. The first shot hit the ground. The second shot was aimed at Nelson, who had fled the car. The third shot killed Johnson. It was theorized that perhaps defendant had seen that Johnson had a gun and possibly reacted to that.

Defendant was charged with the murder of Johnson and the attempted murder of Nelson. (Pen. Code, §§ 187, subd. (a), 664.)[1] It was also alleged that he had personally discharged a firearm in the commission of each offense. (§ 12022.53, subds. (b)-(d).) Finally, defendant was charged with unlawful possession of a firearm, having two prior felony convictions. (§ 29800, subd. (a)(1).)

On the third day of trial, defendant changed his plea and pleaded no contest to voluntary manslaughter (§ 192, subd. (a)), and attempted murder, and admitted he personally used a firearm in the commission of each offense (§ 12022.5, subd. (a)). He also pleaded no contest to unlawful possession of a firearm (§ 29800, subd. (a)(1)). The agreed sentencing range was 19 years 4 months to 27 years 4 months.

On June 26, 2015, the trial court imposed the term of 27 years 4 months, calculated as follows: the upper term of 11 years for voluntary manslaughter plus the upper term of 10 years for the firearm enhancement, two years four months (one-third the midterm) for attempted murder plus three years four months (one-third the upper term) for the firearm enhancement, and eight months (one-third the midterm) for unlawful possession of a firearm. The trial court also imposed various fines and fees, and awarded defendant with 419 days of presentence custody credit.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

2

determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

### *WENDE* REVIEW

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### DISPOSITION

The judgment is affirmed.


           MURRAY        , J.


We concur:


      BLEASE       , Acting P. J.


      HULL       , J.